NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELIQUE RIVERA-GUERRERO, Plaintiff, v. HOBBY LOBBY STORES, INC., *et al.*, Defendants. | Civil Action No. 23-04710 (GC) (TJB) **MEMORANDUM ORDER** |

**CASTNER, U.S.D.J.**

      **THIS MATTER** comes before the Court upon Plaintiff Angelique Rivera-Guerrero's Motion to Remand this matter to the Superior Court of New Jersey, Middlesex County. (ECF No. 15.) Defendants Hobby Lobby Stores, Inc. (Hobby Lobby) and Gerard Barberio opposed, and Plaintiff replied. (ECF Nos. 17 & 18.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Plaintiff's motion is **GRANTED**.

**I.    BACKGROUND**

      On July 11, 2023, Plaintiff filed a Complaint in the Superior Court of New Jersey, Middlesex County, Docket Number MID-L-003880-23, for injuries she allegedly sustained while on the premises of Hobby Lobby's store in Englishtown, New Jersey. (ECF No. 1-2 ¶ 1.) According to Plaintiff, Defendants owned, operated, and maintained the Englishtown premises and "failed to exercise reasonable care to keep its premises in a safe condition and to supervise the activities of the persons who were present thereon." (*Id.* ¶¶ 1-2.) As a direct consequence of

Defendants' negligence, Plaintiff "was caused to suffer serious personal and permanent injuries" on June 16, 2022. (*Id.* ¶ 3.) The Complaint asserts a single claim for negligence against both Defendants.[1] (*See id.*)

On August 16, 2023, Defendants filed a notice of removal. (ECF No. 1.) In the notice of removal, Defendants assert that this Court has subject-matter jurisdiction over this action through diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.* ¶¶ 6-32.) Plaintiff is a resident of New Jersey, and Hobby Lobby is an Oklahoma corporation. (*Id.* ¶¶ 6-7.) Defendants assert that Barberio, a citizen of New Jersey, "was fraudulently joined for the sole purpose of precluding removal" and that there is no "colorable ground to support Plaintiff's claims" against him. (*Id.* ¶¶ 10-11.) Therefore, the Court "must ignore his citizenship for the purpose of removal and jurisdiction." (*Id.* ¶ 12.) Pending before the Court is Plaintiff's motion to remand the matter to New Jersey Superior Court. (ECF No. 15.)

## II.   LEGAL STANDARD

Removal of a suit from state to federal court is proper only if the federal court to which the action is removed would have had original jurisdiction over the matter. *Entrekin v. Fisher Sci., Inc.*, 146 F. Supp. 2d 594, 603 (D.N.J. 2001) (citing 28 U.S.C. § 1441(a)). To maintain subject-matter jurisdiction over a lawsuit, the Court must either have diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331. A federal district court has diversity jurisdiction over all civil actions where all plaintiffs are diverse from all defendants and the amount

---

[1]   In support of the motion, Plaintiff's counsel submitted a certification alleging that while Plaintiff was shopping at Hobby Lobby, brackets holding up merchandise "ripped out of the peg board," causing framed pictures to fall onto Plaintiff's head and shoulder. (ECF No. 15-2 ¶ 4.) Plaintiff's counsel also asserts that Barberio was the manager on duty when the incident occurred. And Plaintiff submitted an incident report purportedly signed by Barberio on the day of the alleged incident. (*Id.* ¶ 5; ECF No. 15-1.) Defendants do not contest the authenticity of Plaintiff's exhibits or assertions in the certification. The Court summarizes these allegations by way of background but need not consider them in deciding the present motion for the reasons stated below.

in controversy exceeds $75,000.  *See* § 1332(a).

After a case is removed, the plaintiff may move to remand the case to state court.  *See Atl. Neurosurgical Specialists v. Anthem, Inc.*, Civ. No. 21-20052, 2022 WL 3273952, at *1 (D.N.J. Aug. 11, 2022).  The removing party maintains the burden of showing the Court that it has subject-matter jurisdiction.  *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).  The matter "must be remanded if, at any time before final judgment, the district court discovers that it lacks subject matter jurisdiction to hear the case."  *Stephens v. Gentilello*, 853 F. Supp. 2d 462, 465 (D.N.J. 2012) (citing 28 U.S.C. § 1447(c)).  "The Court must also strictly construe the removal statutes against removal and resolve any doubts in favor of remand."  *Entrekin*, 146 F. Supp. 2d at 604; *see also Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991) ("A district court must resolve all contested issues of substantive fact . . . and . . . any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.").

### III.  DISCUSSION

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity."  *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006).  "In a suit with named defendants who are not of diverse citizenship from the plaintiff, [a] diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction."  *Id.* at 216.  Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."  *Boyer*, 913 F.2d at 111 (citations omitted).  A claim is not colorable if it is "wholly insubstantial and frivolous."  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992) (citation omitted).

The removing party carries a "heavy burden of persuasion" in showing that a claim is not colorable. *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1012 n.6 (3d Cir. 1987), *cert. dismissed*, 484 U.S. 1021 (1988); *see also Boyer*, 913 F.2d at 111. The Court must not only assume as true all allegations in the Complaint, but also resolve any uncertainties as to the current state of controlling law in favor of the plaintiff. *Batoff*, 977 F.2d at 851-52 (quoting *Boyer*, 913 F.2d at 111). Thus, the Court's inquiry is "less searching than a motion for failure to state a claim," so a claim may be "colorable" for purposes of evaluating fraudulent joinder even if the claim ultimately may not withstand a motion to dismiss in state court. *See Cardillo v. Wal-Mart Stores, Inc.*, Civ. No. 14-2879, 2014 WL 7182525, at *2 (D.N.J. Dec. 16, 2014) (citing *Batoff*, 977 F.2d at 852); *see also Route 27, LLC v. Getty Petroleum Marketing, Inc.*, Civ. No. 10-3080, 2011 WL 1256618, at *8 (D.N.J. Mar. 30, 2011) (finding no fraudulent joinder despite expressing doubt that certain claims would survive "the more rigorous motion-to-dismiss standard"). Put differently, if "there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111 (citation omitted).

Here, Defendants argue that the Complaint does not sufficiently allege that Barberio personally participated in creating the alleged hazard, and that allegations of mere negligence are insufficient to hold an employee liable. (ECF No. 17 at 5-7.) In support, Defendants rely on *Whitham v. Walmart Stores East, LP*, 2021 WL 4745069 (E.D. Pa. Oct. 12, 2021). There, the court held that joinder of a non-diverse defendant store manager was fraudulent because the Complaint did not accuse the manager of "active, knowing participation" in creating the hazard that led to the plaintiff's slip-and-fall. *See id.* at *4-5. The Complaint alleged only that he "failed to forestall or eliminate the conditions" that caused the plaintiff to fall. *Id.* at *4. But under Pennsylvania law, pursuant to the participation theory, senior corporate officers and lower-level

4

employees are liable in such circumstances only "for misfeasance, not nonfeasance." *Id.* at *3 (citations omitted). A "prerequisite to liability" under Pennsylvania's participation theory is that the officer or employee specifically directed the particular tortious act or participated in the act. *Id.* (citations omitted). The court found that because the plaintiff did not assert that the defendant manager "actively participated in causing her fall," her claim was not colorable, and the defendants had "carried their 'heavy burden'" to show that the manager's joinder was fraudulent. *Id.* at *5 (citation omitted).

But Defendants cite no authority showing that New Jersey courts, like Pennsylvania courts, apply the doctrine of "participation theory" as a prerequisite to holding lower-level store managers liable for negligence. *Cf. Whitham*, 2021 WL 4745069, at *3 (applying Pennsylvania law). And this Court must resolve "any uncertainties as to the current state of controlling substantive law in favor of" Plaintiff. *See Boyer*, 913 F.2d at 111.

In fact, multiple courts in this district applying New Jersey law have rejected fraudulent joinder arguments when considering similar claims for negligence against store managers with the same state of residency as the plaintiffs. *See, e.g.*, *Cardillo*, 2014 WL 7182525, at *1-2 (granting a motion to remand for lack of diversity jurisdiction because the complaint's allegations that "Wal-Mart and [the non-diverse defendant], an employee of Wal-Mart, owned, operated, and managed the premises where [the plaintiff] was injured, and were negligent" established a colorable negligence claim); *Mirsky, M.D. v. Lifetime Fitness, Inc.*, Civ. No. 19-18580, 2020 WL 9790097, at *2 (D.N.J. Feb. 13, 2020), *R & R adopted*, 2020 WL 9795999 (D.N.J. Mar. 2, 2020) (granting a motion to remand because there was "a possibility that a state court would find that the complaint states a cause of action" for negligence against a gym and the manager on duty at the time of the plaintiff's injury); *Holguin v. Kohl's Dept. Store, Inc.*, Civ. No. 15-07016, 2016 WL 922130, at *2 (D.N.J. Feb. 19, 2016) (rejecting a fraudulent joinder argument where the plaintiff alleged that

5

both the defendant department store and its manager controlled the store at which the plaintiff was injured, and "negligently and carelessly maintained the premises so as to allow a dangerous and hazardous condition to occur); *Alexandre v. Costco Wholesale Corp.*, Civ. No. 19-6286, 2019 WL 2425179, at *4-5 (D.N.J. May 21, 2019) (finding that a complaint alleging "that all Defendants negligently maintained the premises at Defendant Costco's store . . . thereby creating a dangerous condition" was sufficient to survive a claim of fraudulent joinder); *Briganti v. HMS Host. Int'l*, Civ. No. 14-4813, 2015 WL 1268300, at *3-4 (D.N.J. Mar. 16, 2015) ("New Jersey law does not prohibit an action against an individual employee even where his employer is vicariously liable.").

Here, Plaintiff alleges that Defendants owned, operated, and maintained the premises and "failed to exercise reasonable care to keep its premises in a safe condition and to supervise the activities of the persons who were present thereon," which directly resulted in Plaintiff's injuries. (ECF No. 1-2 ¶¶ 1-3.)  Other courts have found similarly "sparse" complaints sufficient to reject a fraudulent joinder argument due to the "possibility that a state court would find that the complaint states a cause of action against . . . the resident defendant[]." *See, e.g.*, *Carvajal*, 2016 WL 111423, at *1-3 ("The sparsely pleaded Complaint essentially alleges that Plaintiff sustained personal injuries while at a Target Store in North Bergen, New Jersey on September 29, 2013."). Accordingly, Defendants have not met their heavy burden of showing that Plaintiff's claim against Barberio is wholly insubstantial and frivolous.

Because the parties are not diverse and Defendants do not assert subject-matter jurisdiction on any other basis, the Court must remand this matter.   *Stephens*, 853 F. Supp. 2d at 465 (citing 28 U.S.C. § 1447(c)).

## IV.    CONCLUSION

For the reasons set forth above, and other good cause shown,

**IT IS**, on this 26th day of June, 2024, **ORDERED** as follows:

1. Plaintiff's Motion to Remand (ECF No. 15) is **GRANTED**.

2. The matter shall be **REMANDED** to the Superior Court of New Jersey, Middlesex County. The Clerk's Office is directed to transmit to the Clerk of the Superior Court a letter enclosing a certified copy of this Memorandum Order.

3. The Clerk's Office is directed to **TERMINATE** the motion pending at ECF No. 15 and to **CLOSE** this case.

*[Signature]*

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**